OPINION
{¶ 1} Plaintiff-appellant Heath Mason, Individually and as Executor of Daniel Mason's Estate [hereinafter appellants], appeal from the December 20, 2002, Judgment Entry of the Stark County Court of Common Pleas which granted Summary Judgment in favor of appellee Motorists Mutual Insurance Company [hereinafter Motorists Mutual].
 {¶ 2} Appellants seek underinsured motorists coverage from a personal automobile insurance policy issued to Daniel Mason, which, interalia, specifically insures the decedent's pick-up truck, even though the decedent had another insurance policy covering the motorcycle he was riding at the time of the accident.
 STATEMENTOFTHE FACTS AND CASE {¶ 3} On August 8, 1998, Daniel Mason was killed in a two vehicle accident. Daniel Mason was operating a motorcycle which collided with an automobile operated by Janelle Brown. At the time of his death, Daniel Mason resided at the same address as his son, Heath Mason. Daniel Mason was the named insured under a personal automobile liability policy issued by Motorists Mutual. The Motorists Mutual policy had a single liability limit of $500,000.00 and insured Daniel Mason's 1990 Chevy pickup truck [hereinafter Motorists Mutual auto policy]. The policy purportedly reduced uninsured/underinsured motorist [hereinafter UM/UIM] coverage to $35,000.00. This is the only policy at issue in this appeal.
 {¶ 4} On the date of the accident, August 8, 1998, there were two additional Motorists Mutual policies in effect. One policy insured Daniel Mason's motorcycle. The other policy was an auto policy insuring Heath Mason, Daniel Mason's son, as the named insured.
 {¶ 5} On February 21, 2001, plaintiff-appellant Heath Mason filed a declaratory judgment action against Motorists Mutual and a number of other insurance companies.[1] In the complaint, appellant asserted a UM/UIM claim against Motorists Mutual pursuant to Daniel Mason's automobile insurance policy.
 {¶ 6} On November 28, 2001, Motorists Mutual filed a Motion for Summary Judgment alleging that no UM/UIM coverage existed under the Motorists Mutual auto policy due to an" other owned auto" exclusion. On December 16, 2002, the trial court filed a Judgment Entry in which the trial court ruled in favor of Motorists Mutual and found that the Motorists Mutual auto policy did not extend coverage. On December 20, 2002, the trial court filed a Nunc Pro Tunc Order adding Civ. R. 54(B) language.
 {¶ 7} Thus, it is from the December 20, 2002, Judgment Entry of the trial court that appellant appeals, raising the following assignment of error:
 {¶ 8} "The trial court erred in granting the motion for summary judgment of appellee motorists mutual insurance company and denying the motion for summary judgment of appellant on the issue of underinsured motorist coverage under the motorist auto policy."
 {¶ 9} Daniel Mason was the named insured under the Motorists Mutual auto policy. That policy provided automobile liability coverage in the single limit amount of $500,000.00. Thus, pursuant to R.C. 3937.18, Motorists was required to offer UM/UIM coverage to Daniel Mason in an equal amount, i.e. $500,000.00.
 {¶ 10} Pursuant to Linko v. Indemnity Insurance Company of NorthAmerica, 90 Ohio St.3d 445, 2000-Ohio-92, 739 N.E.2d 338,[2] a valid offer for UM/UIM coverage must: (1) inform the insured of availability of UM/UIM motorist coverage; (2) set forth the premium for the coverage; (3) include a brief description of coverage; (4) expressly state the UM/UIM coverage limits. If this offer is not made in writing, there can be no valid and enforceable rejection. The requirements of R.C. 3937.18 apply to reductions as well as rejections of UM/UIM coverage. Still v. IndianaInsurance Co., Stark App. No. 2001CA00300, 2002-Ohio-1004.
 {¶ 11} In the trial court, Motorists Mutual claimed that it made a valid offer of UM/UIM coverage, but that Daniel Mason requested UM/UIM coverage of $35,000.00 instead of $500,000.00. However, Motorists Mutual failed to produce a valid and enforceable written offer and reduction of UM/UIM coverage signed by Daniel Mason. Thus, without an appropriate offer and reduction of UM/UIM coverage, coverage to Daniel Mason arose by operation of law in the amount of $500,000.00. Id.
 {¶ 12} In addition, appellant contends that Heath Mason in his individual capacity is a UM/UIM insured under his father's (Daniel Mason's) Motorists Mutual auto policy. In the UM Endorsement of Daniel Mason's policy,[3] "Insured" is defined as follows:
 {¶ 13} "1. You or any family member."
 {¶ 14} Family member is defined in the definition section of the Motorist policy as "a person related to you by blood, marriage or adoption who is a resident of your household." Since Heath Mason is the son of Daniel Mason and Heath resided with his father at the time of his death, appellant argues that Heath Mason qualifies as an insured for UM/UIM coverage.
 {¶ 15} However, because the UM/UIM coverage arose by operation of law, the terms of the invalid UM/UIM endorsement do not carry through to the coverage available. The UM/UIM endorsement, which reduced the amount of coverage from the amount of coverage under the liability portion of the policy, was invalid. See Rohr v. Cincinnati Insurance Co., Stark App. No. 2001CA00237, 2002-Ohio-1583. Therefore, this Court does not look to the UM/UIM endorsement to determine who is an insured. Rather, when UM/UIM coverage is created by operation of law, we look to the liability portion of the policy for the definition of who is an insured. Jordan v.Travelers Property Casualty Insurance Co., Stark App. No. 2002CA00248, 2003-Ohio-1309.
 {¶ 16} The liability portion of the Motorists Mutual auto policy states as follows, in relevant part:
 . . . {¶ 17} "B. `Insured' as used in this Part means:
 {¶ 18} "1. You or any family member for the ownership, maintenance or use of any auto or trailer.
 {¶ 19} "You" and "your" is defined as
 {¶ 20} "1. The `named insured' shown in the Declarations; and
 {¶ 21} "2. The spouse if a resident of the same household."
 {¶ 22} "Family Member" is defined as:
 {¶ 23} "a person related to you by blood, marriage or adoption who is a resident of your household." Motorists Mutual auto policy, Definitions, Para. F.
 {¶ 24} Pursuant to the language of the liability portion of the auto policy, we find that Heath Mason, was an insured. We note that the policy limits liability coverage to "the ownership, maintenance or use of any auto or trailer" and is arguable whether Daniel Mason's use of a motorcycle was use of an "auto." However, this Court has held that when UM/UIM coverage arises by operation of law, any language in the policy restricting liability coverage does not carry over to restrict UM/UIM coverage. Hopkins v. Dyer, Tuscarawas App. No. 2001AP080088, 2002-Ohio-1576. We recognize that this Court's reasoning has been based upon the analysis in Scott-Pontzer v. Liberty Mutual Fire Insurance Co.
(1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, at 666. Scott-Pontzer has recently been significantly limited. See Westfield Insurance Co. v.Galatis, 100 Ohio St.3d 216, 797 N.E2d 1256, 2003-Ohio-5849. However, upon review, we find that Galatis does not affect our decision in this matter. Galatis limited UM/UIM coverage under a policy with a corporate named insured to losses sustained by an employee of the corporation if the loss occurs within the course and scope of employment. However,Galatis did not address the Scott-Pontzer holding that when coverage arises by operation of law, any language in the policy restricting coverage does not carry through to the UM/UIM coverage created by operation of law. Scott-Pontzer, supra. at 666. We find this portion ofScott-Pontzer unaffected by Galatis. Accordingly, Daniel Mason, as the named insured, was an insured for UM/UIM purposes.
 {¶ 25} The policy insured Daniel Mason's family members, who were related by blood and resided with Daniel. Heath Mason was Daniel Mason's son and resided with Daniel. Therefore, we find UM/UIM coverage for Heath Mason, also.
 {¶ 26} An issue remains as to whether an "other-owned auto" exclusion bars UM/UIM coverage. Daniel Mason's Motorists Mutual auto policy listed a 1990 Chevy pickup truck as the only vehicle insured under the policy. At the time of the accident, Daniel Mason was riding his 1994 Honda motorcycle. The Honda motorcycle was an insured vehicle under Motorists Mutual policy No. 6628-08-32122-03-02 [hereinafter motorcycle policy]. Thus, the motorcycle policy was a separate insurance policy.
 {¶ 27} In the trial court and on appeal, Motorists Mutual argued that the auto policy's UM/UIM endorsement contained an "other owned auto" exclusion which barred appellant's claims. Motorists Mutual maintained that because R.C. 3937.18, as amended by H.B. 261, applied to the policy, the other owned auto exclusion was enforceable.[4] Appellees respond that Motorists Mutual failed to establish that the policy contained an "other-owned auto" exclusion.
 {¶ 28} However, because UM/UIM coverage is applied by operation of law, the terms of the UM/UIM endorsement are not applicable. See Rohr v.Cincinnati Insurance Co., Stark App. 2001CA00237, 2002-Ohio-1583. Therefore, we find as a matter of law that even if the policy contained an "other owned auto" exclusion, it would be inapplicable in this case.
 {¶ 29} Accordingly, appellant's sole assignment of error is sustained.
 {¶ 30} The judgment of the Stark County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this Opinion.
Edwards, J., Gwin, P.J. dissents, Hoffman, J. concurs.
[1] At the time of the accident, Daniel Mason was employed at the Timken Company and Heath Mason, Daniel's son, was employed at Trilogy Plastics, Inc. The insurers of the Masons' employers were also named in the suit. See Stark App. Nos. 2003CA00012, 2003CA00021 and 2003CA00028.
[2] Linko was affirmed as still applicable after H.B. 261 and before S.B. 97 [2001]in Kemper v. Michigan Millers Mutual Insurance Company,98 Ohio St.3d 162, 2002-7101, 781 N.E.2d 196.
[3] There is an issue as to which of two possible UM Endorsements is applicable. However, both Endorsements provide the same definition of "insured" and "Family Member."
[4] The applicable version of R.C. 3937.18(J) states as follows:
"(J) The coverage offered under this Division A of this Section or selected in accordance with Division C of this Section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstance: (1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made. . . . ." (Emphasis added.).