OPINION
{¶ 1} Appeal #CA19927 is an appeal by Plaintiffs Richard V. Faber, Jr. and Nancy A. Faber, husband and wife, and their children from a determination rendered on the parties' motions for summary judgment that plaintiffs are not entitled to UIM benefits under the education liability contract issued by Defendant Nationwide Agribusiness Insurance Company.
 {¶ 2} Appeal #CA19908 is an appeal by Nationwide Agribusiness from a determination rendered on those motions that plaintiffs are entitled to UIM benefits under the commercial auto contract issued by Nationwide Agribusiness.
 {¶ 3} We consolidated these appeals June 13, 2003. On November 6, 2003, Nationwide Agribusiness moved for what is, in effect, summary appellate redress on the authority of WestfieldIns. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. Plaintiffs did not respond. On December 5, 2003, we ordered Nationwide Agribusiness to put its appellate argument in a brief which it filed December 29, 2003. On December 12, 2003, plaintiffs filed a notice in each case that they would not be filing a response to the brief of Nationwide Agribusiness.
 {¶ 4} App.R. 18(C) provides in part as it pertains to an appellee's not filing a brief:
 {¶ 5} ". . . in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 {¶ 6} Utilizing this rule in these appeals is particularly appropriate where plaintiffs are represented by experienced counsel who obviously recognizes the merit of Nationwide Agribusiness' appeal and the futility of plaintiffs' appeal in the wake of Galatis.
 {¶ 7} In the interests of judicial economy, we will, therefore, adopt, as necessary, Nationwide Agribusiness' statement of facts as our own and its argument as our discussion of the assignment of error.
 {¶ 8} Nationwide Agribusiness assigns error as follows:
 {¶ 9} "The trial court erred when it overruled Nationwide Agribusiness' motion for summary judgment, and found that plaintiff Nancy Faber was an insured for purposes of UIM coverage, under the commercial auto contract of insurance issued by Nationwide Agribusiness to the Tri County North Local School District.
 {¶ 10} "Statement of the facts {¶ 11} "The facts are not in dispute. On October 23, 1999, Plaintiff Nancy Faber was a passenger in a motor vehicle being driven by her husband, Plaintiff Richard Faber, Jr. Plaintiffs' vehicle was driving southbound on Wolf Creek Pike in Perry Township, Montgomery County, Ohio, when it was struck head on by a northbound vehicle that went left of center. As a result of this accident, Plaintiff Nancy Faber was seriously injured.
 {¶ 12} "On the date of the accident, Plaintiff Nancy Faber was employed by the Tri County North Local School District (`Tri County North') as a teacher. The motor vehicle driven by Plaintiff Richard Faber, Jr. at the time of the accident was owned by Plaintiff Nancy Faber. The motor vehicle driven by Plaintiff Richard Faber, Jr. at the time of the accident was not owned by Tri County North. At the time of the accident, Plaintiffs were coming from their son's cross-country meet. Plaintiff Nancy Faber was not in attendance at the cross-country meet in her capacity as a Tri County North employee and was not involved in any Tri County North business at that time.
 {¶ 13} "At all times material to these proceedings, Tri County North had in full force and effect a commercial auto contract of insurance (CA 0005578) and an education liability contract of insurance (EGL 0005578) issued by Nationwide Agribusiness. The commercial auto contract of insurance has UM/UIM limits of $1,000,000.00 per occurrence. The education liability contract has an each occurrence limit of $2,000,000.00, but contains no express UM/UIM coverage.
 {¶ 14} "With the consent of Nationwide Agribusiness, Plaintiffs received the $100,000.00 bodily injury liability limit from the tortfeasor's insurance carrier, Cincinnati Insurance Company, and released the tortfeasor. Plaintiffs subsequently received $900,000.00 from their personal auto carrier, Nationwide Mutual Insurance Company ($1,000,000.00 UM/UIM limit less the $100,000.00 setoff of tortfeasor's limit). Therefore, even if Nationwide Agribusiness were found to provide UIM coverage to Plaintiffs under its commercial auto contract, which is specifically denied, Plaintiffs cannot recover because Nationwide Agribusiness' UIM limits are the same as the amount already paid to Plaintiffs — $1,000,000.00. Should Nationwide Agribusiness be found to provide UIM coverage to Plaintiffs by operation of law under its education liability contract, which is specifically denied, Nationwide Agribusiness is entitled to set off the $1,000,000.00 already received by Plaintiffs, thereby reducing its maximum liability from the stated each occurrence limit of $2,000,000.00 to $1,000,000.00.
 {¶ 15} "Argument {¶ 16} "On November 5, 2003, the Ohio Supreme Court issuedWestfield Ins. Co. v. Galatis, et al., 100 Ohio St.3d 216,2003-Ohio-5849. This case mandates judgment in favor of Nationwide Agribusiness. Galatis severely limitsScott-Pontzer and overrules Ezawa in its entirety. The Supreme Court did not undertake the laborious task of carving out exceptions to Scott-Pontzer. Instead, Galatis requires an employee to be within the course and scope of employment for coverage, whether the employer be a private corporation or a public school district. As stated, Nancy Faber was without question not in the course and scope of her employment with Tri County North at the time of this accident.
 {¶ 17} "Further, Plaintiffs have no claim for UIM coverage under the education liability contract issued by Nationwide Agribusiness to Tri County North. The education liability contract does not expressly contain UM/UIM coverage. Plaintiffs, therefore, must establish that such coverage arises by operation of law. Even if Plaintiffs could do so, which is specifically denied, the Galatis requirement of being within the course and scope of employment cannot possibly be satisfied because Nancy Faber admits she was not in the course and scope of her employment with Tri County North at the time of the accident. The education liability contract expressly contains the course and scope requirement to qualify as an insured. See Definitions at page 1.
 {¶ 18} "In short, the trial court was correct in granting Nationwide Agribusiness summary judgment as to the education liability contract of insurance. The trial court's decision on this coverage issue should be affirmed. However, the trial court was without the benefit of the Galatis decision at the time it overruled Nationwide Agribusiness' motion for summary judgment as to the commercial auto contract of insurance. Pursuant toGalatis, the trial court's decision as to the commercial auto contract of insurance should be reversed . . ."
 {¶ 19} The assignment of error is sustained.
 {¶ 20} That portion of the judgment which is appealed in CA19927 — that UIM benefits are not available to plaintiffs under the education liability contract — will be affirmed.
 {¶ 21} That portion of the judgment which is appealed in CA 19908 — that UIM benefits are available to plaintiffs under the commercial auto contract — will be reversed.
Fain, P.J., and Young, J., concur.