OPINION
{¶ 1} This litigation stems from an automobile accident involving Parvin and Jalil Beheshtaein and their minor child, Alee Beheshtaein. On December 24, 1997, the Beheshtaeins were traveling through Pennsylvania to visit relatives when another driver negligently ran them off of the road and caused their car to roll. The negligent driver did not stop and was never identified. The accident paralyzed Mrs. Beheshtaein, who was pregnant with the couple's second child, Ameen.
 {¶ 2} Although the parties dispute the issue, Mrs. Beheshtaein contends she was employed by the City of Dayton at the time of the accident. The City was insured by, inter alia, TIG Insurance Company ("TIG"), Old Republic Insurance Company "Old Republic"), Lloyd's of London ("Lloyd's"), and Monroe Guaranty Insurance Company (Monroe). Mr. Beheshtaein was employed by the Dayton Board of Education, which was insured by American States Insurance Company ("American States") and Gulf Insurance Company ("Gulf").
 {¶ 3} Mrs. Beheshtaein and the two minor children, Alee and Ameen, filed a declaratory judgment action on December 18, 2000, seeking a determination that they were insured under the foregoing policies and that they were entitled to uninsured motorist ("UM") coverage as a result of the accident. The insurance companies responded with counter-claims for declaratory judgment on the coverage issue and also filed various cross-claims. In a series of March 18, 2003, decisions on motions for summary judgment, the trial court resolved the coverage issue as to each defendant.
 {¶ 4} With regard to the policies issued by TIG, Old Republic, Lloyd's, American States, and Gulf, the trial court found that Mrs. Beheshtaein was an "insured" pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292. The trial court found she was not entitled to UM coverage, however, because she lacked independent corroborative evidence that a "hit-and-run" driver had caused the accident. In reaching this conclusion, the trial court determined that Mr. Beheshtaein's testimony was insufficient to provide the needed evidence because of his status as Mrs. Beheshtaein's spouse. On the other hand, the trial court determined that Alee and Ameen could pursue derivative claims because Mr. Beheshtaein's testimony was sufficient to corroborate the cause of the accident as to them. Finally, with regard to the policy issued by Monroe, the trial court found that it was not a motor vehicle liability policy of insurance and that it did not include (and was not required to offer) UM coverage. As a result, the trial court sustained the motion for summary judgment filed by Monroe, while sustaining in part and overruling in part the motions for summary judgment filed by the Beheshtaeins and the other insurance companies. The trial court also granted Civ.R. 54(B) certification, finding no just reason for delay as to its rulings on the declaratory judgment actions for UM benefits.
 {¶ 5} Timely appeals were filed by TIG, Old Republic, Lloyd's, and American States. The Beheshtaeins also filed a timely cross-appeal. In their appeals, the insurance companies raise various issues, including: (1) whether the rationales ofScott-Pontzer, supra, and Ezawa v. Yasuda Fire Marine Ins.Co., 86 Ohio St.3d 557, 1999-Ohio-124, apply to policies maintained by a school district; (2) whether Mrs. Beheshtaein, Alee, and Ameen were insureds entitled to UM coverage under Scott-Pontzer; (3) whether any policy language excluded coverage; (4) whether a father can provide independent corroborative evidence to support a child's UM claim; (5) whether the Beheshtaeins' delay in providing notice of their claims prejudiced the insurance companies; and (6) whether Alee and Ameen can maintain derivative claims.
 {¶ 6} In their cross-appeal, the Beheshtaeins do not dispute that the trial court properly looked to Ohio law to determine whether they qualified as "insureds" under the foregoing policies. They argue, however, that the trial court should have applied Pennsylvania law to determine whether they were "legally entitled to recover" from the unidentified tortfeasor. This argument appears to concern the trial court's finding, under Ohio law, that Mr. Beheshtaein could not provide the requisite independent corroborative evidence that a hit-and-run driver had caused the accident.
 {¶ 7} On August 22, 2003, the Beheshtaeins voluntarily dismissed their appeal against Monroe. Thereafter, on February 17, 2004, TIG and the Beheshtaeins filed a stipulation dismissing their appeals against one another. In addition, we note that the remaining insurance companies have submitted supplemental briefs, citing the Ohio Supreme Court's recent opinion in Westfield Ins.Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. The insurance companies argue that Galatis is dispositive of the Beheshtaeins' claims for UM coverage.
 {¶ 8} Upon review, we agree that Galatis precludes the Beheshtaeins from recovering UM benefits from any of the defendant insurance companies. In Galatis, the Ohio Supreme Court limited Scott-Pontzer, holding that a policy of insurance naming a corporation as an insured for UM/UIM purposes covers a loss sustained by an employee only if the loss occurs within the course and scope of employment, unless otherwise agreed. TheGalatis court also overruled Ezawa, supra, holding that when a policy designates a corporation as the named insured, the designation of "family members" of the named insured as "other insureds" does not extend coverage to a family member of an employee unless the employee is a named insured.
 {¶ 9} In Jordan v. Armsway Tank Transport, Inc., Darke App. No. 1621, 2004-Ohio-261, we recently held that Galatis applies to cases pending on direct appeal. The upshot of Galatis is that Mrs. Beheshtaein is not an insured under any of the policies at issue. Neither she nor her husband was a named insured in the policies issued to the City of Dayton and the Dayton Board of Education, and they were not acting in the course and scope of their employment at the time of the accident. Likewise, Alee and Ameen are not insureds because their parents are not insureds under any of the policies.
 {¶ 10} At oral argument in this case, counsel for the Beheshtaeins attempted to distinguish Galatis, asserting that its limitations do not apply when UM/UIM coverage arises by operation of law. In support, counsel relied on the Fifth District's December 22, 2003, decision in Mason v. Royal Ins. Co.of America, Stark App. No. 2003 CA 00029, 2003-Ohio-7047, to argue that the Beheshtaeins qualify as insureds notwithstandingGalatis. Having reviewed Mason and supplemental briefing that has been filed, we are unpersuaded.
 {¶ 11} The Mason decision cited by the Beheshtaeins involved a Motorists Mutual personal automobile liability policy issued to Daniel Mason, who was the named insured. Daniel Mason's son, Heath, was an insured family member under the policy. Daniel and Heath were involved in a motorcycle accident and sought UIM coverage. On appeal, the Fifth District observed that the policy included UM/UIM coverage by operation of law. The court then held that certain coverage restrictions in the liability portion of the policy could not "carry over" to limit UM/UIM coverage arising by operation of law. The Fifth District noted thatGalatis did not address this issue.
 {¶ 12} Unfortunately for the Beheshtaeins, the issue before us is not whether restrictions in the liability portion of a policy flow through to UM/UIM coverage that arises by operation of law. Regardless of how the Beheshtaeins' coverage arose (by express contract or by operation of law), the crucial issue is whether they qualify as insureds under commercial policies issued to Mr. and Mrs. Beheshtaeins' employers. Even when UM/UIM coverage arises by operation of law, it is necessary to look to the liability portion of a policy to determine who qualifies as an insured. The Fifth District recognized this fact in theMason decision upon which the Beheshtaeins rely. See Mason,
supra, at ¶ 15 ("[When UM/UIM coverage is created by operation of law, we look to the liability portion of the policy for the definition of who is an insured.").
 {¶ 13} In the present case, none of the Beheshtaeins are listed as insureds under the liability portion of the policies at issue. Therefore, even if UM/UIM coverage arose by operation of law, they are not entitled to such coverage unless they satisfyGalatis, which requires employees who are not named insureds to be acting within the course and scope of their employment. Notably, the Fifth District reached precisely this conclusion in another decision involving Daniel and Heath Mason issued a week before the ruling on which the Beheshtaeins have relied herein.
 {¶ 14} On December 15, 2003, the Fifth District in Mason v.Royal Ins. Co. of America, Stark App. No. 2003 CA 00021, 2003-Ohio-7047, rejected the Masons' attempt to obtain UIM coverage under three commercial policies issued to Heath Mason's employer. Even if the three policies included UM/UIM coverage by operation of law, the Mason court recognized that "when UM/UIM coverage arises by operation of law through a policy that names a corporation as the named insured, such coverage extends only to employees who suffer the loss or injury while in the course and scope of their employment." Id. at ¶ 17, citing Galatis, supra, and In re Uninsured Underinsured Motorist Coverage Cases,100 Ohio St.3d 302, 2003-Ohio-5888. We also have applied Galatis'
limitations in a case involving UIM coverage that arose by operation of law. Faber v. Nationwide Agribusiness Ins. Co.,
Montgomery App. Nos. 19908, and 19927, 2004-Ohio-1937 at ¶ 17. Thus, we find no merit in the Beheshtaeins' argument thatGalatis' limitations regarding who qualifies as an insured do not apply when UM/UIM coverage arises by operation of law.
 {¶ 15} Based on the reasoning set forth above, we affirm the trial court's summary judgment rulings (albeit on grounds other than those relied on by the trial court), insofar as it found that Mrs. Beheshtaein was not entitled to UM benefits. We reverse the trial court's summary judgment rulings, however, insofar as it found that Alee and Ameen qualify as insureds and can maintain derivative claims against the appellant insurance companies. Finally, given that Galatis disposes of the appeals before us, we overrule the parties' assigned errors, as moot.
 {¶ 16} Judgment affirmed in part, reversed in part, and cause remanded for further proceedings consistent with this opinion.[1]
Wolff and Grady, JJ., concur.
[1] The purpose of our remand is to allow the trial court to resolve whatever claims or issues remained pending when it issued its Civ.R. 54(B) certification.