OPINION
{¶ 1} Plaintiffs-appellants Alee and Ameen Beheshtaein, hereinafter referred to as the Beheshtaein children, appeal from a summary judgment rendered against them upon their claims against Gulf Insurance Company. The Beheshtaein children contend that the trial court was not free to reconsider a summary judgment that had previously been rendered in their favor on the issue of insurance coverage, because, although other insurance company defendants successfully appealed from the trial court's dispositions of claims against them, Gulf did not appeal. They further contend that the law-of-the-case doctrine precluded the trial court from revisiting the issue of Gulf's insurance coverage.
 {¶ 2} We agree with the trial court that the summary judgment it rendered in favor of the Beheshtaein children on the issue of insurance coverage remained interlocutory because other issues involving their claim against Gulf — issues involving damages and priority of coverage — had not yet been resolved. Thus, the summary judgment was not a final order adjudicating the Beheshtaein children's claim against Gulf, and was subject to reconsideration and revision. The doctrine of the law of the case has been expressly held to be inapplicable to cases not yet fully adjudicated that involve the application of Westfield Ins. Co. v.Galatis (2003), 100 Ohio St.3d 216, 797 N.E.2d 1256. Hopkins v. Dyer
(2004), 104 Ohio St.3d 461, 820 N.E.2d 329. Consequently, the judgment of the trial court is Affirmed.
 I {¶ 3} On Christmas Eve, 1997, the Beheshtaein family was involved in a car accident while driving through Pennsylvania to visit relatives. The accident paralyzed Mrs. Beheshtaein. The Beheshtaeins contend that the accident was caused by the negligence of another motorist who ran them off the road, did not stop, and was never identified. Mrs. Beheshtaein claims to have been employed by the City of Dayton at the time of the accident. The City of Dayton was then insured by TIG Insurance Company, Old Republic Insurance Company, Lloyd's of London, and Monroe Guarantee Insurance Company. Mr. Beheshtaein was employed by the Dayton Board of Education, which was insured by American States Insurance Company and Gulf Insurance Company.
 {¶ 4} The Beheshtaeins, including the Beheshtaein children, brought this action against all of the above-named insurance companies, and two additional insurance companies, claiming that they were insureds entitled to uninsured motorists coverage for their damages resulting from the accident. The trial court rendered summary judgments concluding that Mrs. Beheshtaein was an insured under the American States, TIG, Old Republic, Lloyd's and Gulf policies, pursuant to Scott-Pontzer v. LibertyMut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. The claims against the other insurance companies had already been resolved.
 {¶ 5} Although the trial court found that Mrs. Behestaein was an insured under the policies of Gulf and the other four insurance companies remaining in the action, it found that she was nevertheless not entitled to coverage because she lacked independent corroborative evidence that a "hit-and-run" driver had caused the accident. As to the Beheshtaein children, on the other hand, the trial court found that they could maintain their derivative claims because Mr. Beheshtaein's testimony was sufficient corroboration for their claims. The trial court specifically reserved the issues of priority and damages with respect to the claims of the Beheshtaein children against Gulf and the other four insurance companies, but entered certification, under Civ. R. 54(B), that there was no just reason for delay with respect to the claims of Mr. and Mrs. Beheshtaein, which had been completely adjudicated.
 {¶ 6} Although the other four insurance companies appealed from the trial court's summary judgment rulings, and Mr. and Mrs. Beheshtaein cross-appealed, Gulf did not appeal. In that appeal, to which Gulf was not a party, we held that neither Mr. nor Mrs. Beheshtaein was an insured under the other four insurance companies' policies, relying uponWestfield Ins. Co. v. Galatis, supra. Likewise, because their claims were derivative through their parents, the Beheshtaein children were not insured under those policies. Beheshtaein v. American States Ins. Co.,
Montgomery App. Nos. 19863, 19864, 19867, 19874 and 19875, 2004-Ohio-2316.
 {¶ 7} Following our decision in the appeal to which it was not a party, the trial court requested briefs from the parties concerning the claims of the Beheshtaein children against Gulf. Gulf moved for judgment in its favor, relying upon Galatis. The trial court agreed with Gulf, and rendered judgment in its favor. From that judgment, the Beheshtaein children appeal.
 II {¶ 8} The Beheshtaein children's First Assignment of Error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED IN DETERMINING THAT THE APPELLATE COURT'S RULING IN FAVOR OF THE APPEALING PARTIES IN CASE NOS. 19863, 19864, 19867, 19874 AND 19875 APPLIES TO GULF, A NON-APPEALING PARTY."
 {¶ 10} Although we agree with this proposition of law in its narrowest sense, that does not affect the outcome. What the Beheshtaein children are really arguing is that the summary judgment in their favor was a final judgment, not appealed, that could not be reconsidered and revised by the trial court. We disagree.
 {¶ 11} The summary judgment rendered with respect to the claim of the Beheshtaein children against Gulf did not finally adjudicate or otherwise resolve their claim against Gulf. As the trial court noted in the judgment from which this appeal is taken, it had expressly reserved the issues of damages and priority of insurance coverage. The damages issue, at least, is not a distinct claim that may be severed from other claims pursuant to Civ. R. 54(B). That rule applies in cases involving multiple claims for relief, and provides that "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Thus, the trial court's determination did, in fact, result in the claims of Mr. and Mrs. Beheshtaein against Gulf and the other insurance companies becoming the subject of a final judgment in favor of each insurance company, respectively, because each of those claims for relief had been fully adjudicated. The claims of the Beheshtaein children, by contrast, were the claims for relief that had not been fully adjudicated.
 {¶ 12} (This leads to the conundrum that this court's purported disposition with respect to those claims — the claims of the Beheshtaein children against the other four insurance companies — is likely a nullity, because this court lacked jurisdiction over those claims, for want of a final appealable order. This is of academic interest, only, since the logical result is that those claims, as well, remain interlocutory, subject to revision in the trial court, which would presumably apply the Galatis decision and reach the same result with respect to those claims.)
 {¶ 13} Because the summary judgments in favor of the Beheshtaein children, against Gulf, being only partial summary judgments on the issue of insurance coverage, remained interlocutory and subject to revision, the trial court did not err in reconsidering them.
 {¶ 14} As the Beheshtaein children's First Assignment of Error is framed, it challenges the propriety of the trial court's having considered itself bound by this court's decision in Beheshtaein v.American States Ins. Co., Montgomery App. Nos. 19863, 19864, 19867, 19874 and 19875, 2004-Ohio-2316, the appeal to which Gulf was not a party. From our reading of the trial court's decision, this was at most an alternative ground
 {¶ 15} for the trial court's holding, it having already decided thatGalatis applied, and that Galatis required it to determine that neither the Behesthaeins, nor their children, were insured under the Gulf policy. Thus, even if the trial court erred in considering itself bound by this court's decision in the appeal to which Gulf was not a party, that error was harmless.
 {¶ 16} The Beheshtaein children's First Assignment of Error is overruled.
 III {¶ 17} The Beheshtaein children's Second Assignment of Error is as follows:
 {¶ 18} "THE TRIAL COURT ERRED IN RECONSIDERING ITS PRIOR DECISION IN THAT THE LAW OF THE CASE DOCTRINE PRECLUDES GULF FROM RELYING ON ARGUMENTS WHICH COULD HAVE BEEN PURSUED ON THE FIRST APPEAL."
 {¶ 19} This assignment of error is overruled on the authority ofHopkins v. Dyer (2004), 104 Ohio St.3d 461, 820 N.E.2d 329, in which the Ohio Supreme Court has unequivocally held that the law-of-the-case doctrine does not apply to a cause of action involving the application ofScott-Pontzer v. Liberty Mut. Fire Ins. Co., supra, not yet finally adjudicated when Westfield Ins. Co. v. Galatis, supra, was decided.
 IV {¶ 20} Both of the Beheshtaein children's assignments of error having been overruled, the judgment of the trial court is Affirmed.
Donovan, and Young, JJ., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio)